UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REED CUDNOHUSKY,

    Plaintiff,

v.                                                                                                   Case No. 11-C-384

MARINETTE MARINE CORP., et al,

    Defendants.

## ORDER

Plaintiff Reed Cudnohusky has filed this *pro se* civil action against Marinette Marine Corporation and Hartford Financial Services Group. Construing his complaint liberally, it appears that Cudnohusky claims he was wrongfully terminated from his employment at Marinette Marine in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615. The Court is unable to discern from the complaint any legal claim against Hartford. Although Cudnohusky alleges that Hartford discriminated against him in various ways, it fails to allege any relationship he may have had with Hartford so as to give rise to a duty to avoid the discriminatory conduct he alleges.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.

§ 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff is unable to pay the filing fee and the motion to proceed *in forma pauperis* will be granted**.** His motion will therefore be granted and his case will go forward.

District courts are also permitted to screen complaints, however, regardless of a plaintiff's fee status, to insure that individuals or businesses are not hauled into federal court and forced to hire an attorney to respond to frivolous allegations that fail to state a claim against them. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir.1999). Here, I conclude that at most, Cudnohusky has stated a claim against Marinette Marine. The allegations of his complaint concerning Hartford are legally insufficient to provide the notice of his claim against Hartford that Rule 8 of the Federal Rules of Civil Procedure requires. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (noting that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") Accordingly, the claim against Hartford will be dismissed but without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's claim against Marinette Marine will be allowed to go forward but Plaintiff's claim against Hartford is **dismissed without prejudice**. Plaintiff may file an amended complaint to clarify his claim against Hartford. Plaintiff is advised to comply with Civil Local Rule 15 if he elects to amend his complaint.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to

charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service package is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified at 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals Service, the U.S. Marshals Service fees are not considered court fees, and Congress has not made any provision for these fees to be waived by the court.

Plaintiff must provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

**SO ORDERED** this ___27th___ day of April, 2011.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach
                                                   United States District Judge